IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LORIE ANN ROBERTS, | § § § | |
| Petitioner, | § § | |
| v. | § § | Case No. 2:20-cv-0243-JRG-RSP |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | § § § § | |
| Defendant. | § § | |

## MEMORANDUM ORDER

Currently before the Court is the Petition and Brief for Award of Attorney Fees Under the Equal Access to Justice Act (Dkt. No. 23), filed by Petitioner on May 31, 2022. The motion seeks compensation for 26.35 hours at the adjusted statutory rates permitted by the Act, for a total of $5,620.62. The Commissioner has filed an opposition limited to the hourly rate claimed for services performed in 2022. The Commissioner argues that a proper application of the Consumer Price Index requires using the 2021 rate of $206.70 for the 2.3 hours worked in March and May 2022, rather than the $220.10 calculated by Petitioner. This would result in a total fee of $5,589.80, which is $30.82 less than the request.

The Equal Access to Justice Act (EAJA), 28 U.S.C. §2412, allows a prevailing party in litigation against the United States, including a petitioner for Social Security benefits, to recover her attorney's fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *Id*. at §2412 (d)(1)(a). The Supreme Court has explained that "EAJA fees are determined not by a percent of the amount recovered, but by the 'time expended' and the attorney's 'hourly rate,'" which is statutorily capped. *Gisbrecht v. Barnhart*, 535 U.S. 789, 794, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002). *See generally*, *Murkeldove*

1

- 2 -

*v. Astrue*, 635 F.3d 784, 789 (5th Cir. 2011).  The Commissioner does not contend, nor does the Court find, that the position of the government was substantially justified or that any special circumstances exist rendering an award unjust.   The Court finds that Petitioner's requested fee is appropriate.  After reviewing the briefing, the Court finds that the predominance of authority supports the Petitioner's position.  However, the Court also finds that the Commissioner's position was substantially justified and that no fees should thereby be awarded under the Act for the reply brief.

Accordingly, **IT IS ORDERED** that Defendant will pay Petitioner $5,620.62 in EAJA fees, which amount is in addition to, and not out of, Petitioner's past due benefits.   In accordance with the Supreme Court's decision in *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010), this award will be payable to Petitioner, by delivery to her counsel of record.

**SIGNED this 16th day of November, 2022.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE